**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NAYLOR GARDENS COOPERATIVE HOUSING ASSOCIATION | : | |
| Plaintiff, | : | Case No. 1:26-cv-00244-SLS |
| v. | : | |
| JEFFREY CHARLES & ASSOCIATES, INC. | : | |
| Defendant. | : | |

**ANSWER AND COUNTERCLAIM OF JEFFREY CHARLES & ASSOCIATES, INC., WITH JURY DEMAND**

Defendant Jeffrey Charles & Associates, Inc. ("JCA" or "Defendant"), by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, hereby submits its Answer to the Complaint filed by Naylor Gardens Cooperative Housing Association ("Naylor Gardens" or "Plaintiff"), stating as follows:

**GENERAL DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), JCA hereby denies all of the allegations contained in the Complaint, except those allegations specifically admitted herein and generally denies all liability alleged by Plaintiff.

**ANSWER TO SPECIFIC ALLEGATIONS**

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in the first sentence of Paragraph 2 of the Complaint. Defendant is without sufficient information to admit or deny the allegations in the second sentence of Paragraph 2.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

## JURISDICTION

4. Allegations of jurisdiction require no response. To the extent that a response is required, Defendant denies the allegation in Paragraph 4 that the Superior Court of the District of Columbia has jurisdiction over this matter and these parties.

## FACTUAL BACKGROUND

5. Defendant admits that "[o]n or about June 1, 2023, NGCHA and JCA entered into a Management Agreement." The remaining allegations in Paragraph 5 of the Complaint purports to state legal conclusions which do not require a response. Defendants refer to Exhibit 1 of the Complaint in its entirety for its complete contents, which speaks for itself. To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny all other allegations of Paragraph 5.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 7 refers to or characterizes language in Exhibits 1 or 2 to the Complaint, the documents speak for themselves. To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny all other allegations of Paragraph 7 because, among other reasons, Paragraph 7 refers to "certain policies and procedures," "property management and related services," and "Management fees and other consideration," which are not defined or identified.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 9 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the

cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the language quoted by Plaintiff is consistent with the language of the cited source and otherwise denies the remaining allegations of this paragraph.

10. Defendant admits that Defendant withdrew payments due to it from Plaintiff's account. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant admits that the Agreement was terminated effective September 30, 2024. Defendant is without sufficient knowledge or information to admit or deny all other allegations of Paragraph 11 of the Complaint because, among other reasons, "acting as NGCHA's property manager" is vague and undefined.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Paragraphs 13 through 36 of the Complaint are preceded by a heading that reads "JCA's Failures Relating to Turning Over, Marketing, Selling, and Leasing the Property's Vacant Units." Because this is a heading rather than a specific allegation, no response is required. Nevertheless, Defendant denies that any paragraphs under this heading (i.e., Paragraphs 13 through 36) contain "JCA's Failures Relating to Turning Over, Marketing, Selling, and Leasing the Property's Vacant Units." Defendant thus denies Paragraphs 13 through 36 (inclusive) of the Complaint as these paragraphs purport to incorporate and refer back to the aforementioned heading, and no further response to these paragraphs is required. To the extent any further response is required, Defendant provides such responses as follows in Paragraphs 13 through 36 herein. Regarding the allegations contained in Paragraph 13 of the Complaint, Paragraph 13 purports to state legal conclusions which do not require a response. To the extent Paragraph 13 refers to or characterizes language in Exhibit 2 to the Complaint,

the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.[1]

14. Paragraph 14 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 14 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, meaning, context and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

15. Paragraph 15 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 15 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

16. Paragraph 16 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 16 refers to or characterizes language in Exhibit 2

[1] Instead, merely repeating the language of the cited documents, in many paragraphs, such as this one, Plaintiff uses terms such as "recognized," "required," etc. In any event, Defendant has admitted that the Agreement and Plan attached to the Complaint are true and accurate copies.

to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny all other allegations of Paragraph 16 because, among other things, Plaintiff ascribes a purpose to certain requirements under the Management Plan and Defendant does not have knowledge of Plaintiff's rationale or intended purpose for the terms or conditions contained in the Management Plan.

17. Paragraph 17 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 17 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny all other allegations of Paragraph 17 because, among other things, Plaintiff ascribes a purpose to certain requirements under the Agreement and Defendant does not have knowledge of Plaintiff's rationale or intended purpose for the terms or conditions contained in the Agreement.

18. Paragraph 18 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 18 refers to or characterizes language in Exhibit 2 to the Complaint, the document speaks for itself. To the extent a response is required, Defendant denies the allegations of Paragraph 18 and the selective use of language is incomplete and misleading.

19. Paragraph 19 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 19 refers to or characterizes language in Exhibit 2 to the Complaint, the document speaks for itself. To the extent a response is required, Defendant denies the allegations of Paragraph 19 and the selective use of language is incomplete and misleading.

20. Paragraph 20 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 20 refers to or characterizes language in Exhibit 2 to the Complaint, the document speaks for itself. To the extent a response is required, Defendant denies the allegations of Paragraph 20 and the selective use of language is incomplete and misleading.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant is without sufficient knowledge or information to admit or deny all other allegations of Paragraph 23 of the Complaint; among other reasons the report referenced in the paragraph is not attached to the Complaint. To the extent Paragraph 23 refers to or characterizes language in such report, the document speaks for itself.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 25 refers to or characterizes language in Exhibit 2 to the Complaint, the document speaks for itself. To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny all other allegations of Paragraph 25 because, among other things, Plaintiff ascribes a purpose to certain requirements under the Management Plan and Defendant does not have knowledge of Plaintiff's rationale or intended purpose for the terms or conditions contained in the Management Plan.

26. Defendant is without sufficient knowledge or information to admit or deny all the allegations of Paragraph 26 of the Complaint because, among other things, the December 2023 report that Plaintiff references in Paragraph 26 is not provided.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 30 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

31. Paragraph 31 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 31 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

32. Paragraph 32 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 32 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies that it hired a contractor "in a manner inconsistent with the Agreement." Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 34 of the Complaint because, among other reasons, the details provided are vague and ambiguous.

35. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 35 of the Complaint because, among other reasons, the "comparison" referenced in Paragraph 35 is not provided.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Paragraphs 37 through 50 of the Complaint are preceded by a heading that reads "JCA's Failures in Obtaining Necessary Government Licenses and Permits and Complying with Other Governmental Requirements." Because this is a heading rather than a specific allegation, no response is required. Nevertheless, Defendant denies that any paragraphs under this heading (i.e., Paragraphs 37 through 50) contain "JCA's Failures in Obtaining Necessary Government Licenses and Permits and Complying with Other Governmental Requirements." Defendant thus denies Paragraphs 37 through 50 (inclusive) of the Complaint as these paragraphs purport to incorporate and refer back to the aforementioned heading, and no further response to these paragraphs is required. To the extent any further response is required, Defendant provides such responses as follows in Paragraphs 37 through 50 herein. Regarding the allegations contained in Paragraph 37 of the Complaint, Paragraph 37 purports to state legal conclusions which do not require a response. To the extent Paragraph 37 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required,

Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

38. Defendant is without sufficient information to admit or deny the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 44 of the Complaint because the calculations for the loss "[p]rojected over a five-year period." To the extent Paragraph 44 alleges, explicitly or impliedly, that Defendant is responsible for such losses, Defendant denies such allegation.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint refers to language from Exhibit 1 to the Complaint; Exhibit 1 to the Complaint speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies

the remaining allegations of this paragraph.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Paragraphs 51 through 66 of the Complaint are preceded by a heading that reads "JCA's Failures In Collection and Management of NGCHA's Funds." Because this is a heading rather than a specific allegation, no response is required. Nevertheless, Defendant denies that any paragraphs under this heading (i.e., Paragraphs 51 through 66) contain "JCA's Failures In Collection and Management of NGCHA's Funds." Defendant thus denies Paragraphs 51 through 66 (inclusive) of the Complaint as these paragraphs purport to incorporate and refer back to the aforementioned heading, and no further response to these paragraphs is required. To the extent any further response is required, Defendant provides such responses as follows in Paragraphs 51 through 66 herein. Regarding the allegations contained in Paragraph 51 of the Complaint, Paragraph 51 purports to state legal conclusions which do not require a response. To the extent Paragraph 51 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

52. Paragraph 52 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 52 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent

with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

53. Paragraph 53 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 53 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

54. Paragraph 54 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 54 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

55. Paragraph 55 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 55 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

56. Paragraph 56 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 56 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

57. Paragraph 57 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 57 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

58. Paragraph 58 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 58 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

59. Regarding the allegations in Paragraph 59 of the Complaint, Defendant admits depositing money into an account at John Marshall Bank in or about July 2023. Defendant is

without sufficient knowledge or information to admit or deny all other allegations of Paragraph 59.

60. To the extent Paragraph 60 of the Complaint alleges, explicitly or impliedly, that Defendant is responsible for any "escrow shortfall," Defendant denies such allegation. Defendant is without sufficient knowledge or information to admit or deny all other allegations of Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 62 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant is without sufficient knowledge or information to admit or deny all other allegations of Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Paragraphs 67 through 72 of the Complaint are preceded by a heading that reads "JCA'S Failures to Maintain and Perform Repairs to the Property." Because this is a heading rather than a specific allegation, no response is required. Nevertheless, Defendant denies that any paragraphs under this heading (i.e., Paragraphs 67 through 72) contain "JCA'S Failures to

Maintain and Perform Repairs to the Property." Defendant thus denies Paragraphs 67 through 72 (inclusive) of the Complaint as these paragraphs purport to incorporate and refer back to the aforementioned heading, and no further response to these paragraphs is required. To the extent any further response is required, Defendant provides such responses as follows in Paragraphs 67 through 72 herein. Regarding the allegations contained in Paragraph 67 of the Complaint, to the extent Paragraph 67 refers to language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

68. To the extent Paragraph 68 of the Complaint refers to language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant admits that some tenants of the Property submitted complaints to Defendant regarding needed maintenance and repairs to their respective apartments. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 71 of the Complaint regarding the specific dates that "certain tenants" submitted complaints

because no details are given regarding the alleged complaints. In addition, without identification of the specific complaints, Defendant has no information regarding the nature of such complaints. Defendant denies all other allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Paragraphs 73 through 88 of the Complaint are preceded by a heading that reads "JCA's Failure to Maintain Records and Comply with Its Obligations Before and After Termination of the Agreement." Because this is a heading rather than a specific allegation, no response is required. Nevertheless, Defendant denies that any paragraphs under this heading (i.e., Paragraphs 73 through 88) contain "JCA's Failure to Maintain Records and Comply with Its Obligations Before and After Termination of the Agreement." Defendant thus denies Paragraphs 73 through 88 (inclusive) of the Complaint as these paragraphs purport to incorporate and refer back to the aforementioned heading, and no further response to these paragraphs is required. To the extent any further response is required, Defendant provides such responses as follows in Paragraphs 73 through 88 herein. Regarding the allegations contained in Paragraph 73 of the Complaint, to the extent Paragraph 73 refers to and characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning, and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

74. To the extent Paragraph 74 of the Complaint refers to language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required,

Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

75. Paragraph 75 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 75 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 77 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 82 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning and requirements of the cited source and otherwise denies the remaining allegations of this paragraph.

83. Defendant admits that Plaintiff requested materials related to Plaintiff after the termination of the Agreement. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 83 of the Complaint because, among other reasons, the terms “books and records” and “final accounting” are vague and undefined in the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations of Paragraph 85 of the Complaint.

86. Paragraph 86 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 86 refers to or characterizes language in Exhibit 1 to the Complaint, the document speaks for itself. Defendant respectfully refers the Court to the cited Exhibit for a full and fair statement of its terms. To the extent a response is required, Defendant admits the allegations only to the extent that the reference by Plaintiff is consistent with the language, context, meaning and requirements of the cited source and otherwise denies the remaining allegations of this paragraph. Defendant further denies that it owes any sums to Plaintiff, denies any default under the Agreement, and further denies that Plaintiff is entitled to interest, costs of collection or attorneys’ fees.

87. Defendant admits that Plaintiff sent correspondence in or about June 2025 demanding many items and otherwise is without sufficient information to admit or deny the allegations of Paragraph 87 because, among other reasons, it does not contain or refer to specific correspondence and is otherwise vague and misleading.

88. Defendant is without sufficient information to admit or deny the allegations of Paragraph 88 of the Complaint because, among other reasons, it does not contain or refer to specific correspondence and is otherwise vague and misleading.

## COUNT I – BREACH OF CONTRACT

89. Paragraph 89 of the Complaint merely incorporates prior paragraphs of the Complaint and thus does not require a response. To the extent a response is required, Defendant incorporates the responses set forth in paragraphs 1 through 88, inclusive, above.

90. Defendant admits the allegations in Paragraph 90.

91. Paragraph 91 of the Complaint purports to state legal conclusions which do not require a response.

92. Paragraph 92 of the Complaint purports to state legal conclusions which do not require a response.

93. Paragraph 93 of the Complaint purports to state legal conclusions which do not require a response. Defendant denies the remaining allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94 of the Complaint.

## COUNT II – BREACH OF FIDUCIARY DUTY

95. Paragraph 95 of the Complaint merely incorporates prior paragraphs of the Complaint and thus does not require a response. To the extent a response is required, Defendant incorporates the responses set forth in paragraphs 1 through 94, inclusive, above.

96. Paragraph 96 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 96 refers to language in the D.C. Code, the language in the D.C. Code speaks for itself; Defendant denies any liability under the referenced D.C. Code Section.

97. Paragraph 97 of the Complaint purports to state legal conclusions which do not require a response. To the extent a response is required, Defendant denies that the Code Section referenced in Paragraph 96 imposes the duties on Defendant that are listed in Paragraph 97. Defendant otherwise is without sufficient information to admit or deny the allegations of Paragraph 97.

98. Defendant denies the allegations in Paragraph 98 of the Complaint.

99. Defendant denies the allegations in Paragraph 99 of the Complaint.

100. Defendant denies the allegations in Paragraph 100 of the Complaint.

**COUNT III – NEGLIGENCE**

101. Paragraph 101 of the Complaint merely incorporates prior paragraphs of the Complaint and thus does not require a response. To the extent a response is required, Defendant incorporates the responses set forth in paragraphs 1 through 100, inclusive, above.

102. Paragraph 102 of the Complaint purports to state legal conclusions which do not require a response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of Paragraph 102.

103. Defendant denies the allegations in Paragraph 103 of the Complaint.

104. Defendant denies the allegations in Paragraph 104 of the Complaint.

105. Defendant denies the allegations in Paragraph 105 of the Complaint.

106. Defendant denies the allegations in Paragraph 106 of the Complaint.

## COUNT IV – ACCOUNTING

107. Paragraph 107 of the Complaint merely incorporates prior paragraphs of the Complaint and thus does not require a response. To the extent a response is required, Defendant incorporates the responses set forth in paragraphs 1 through 106, inclusive, above.

108. Paragraph 108 of the Complaint purports to state legal conclusions which do not require a response. To the extent Paragraph 108 refers to language in the D.C. Code, the language in the D.C. Code speaks for itself; Defendant denies any liability under the referenced D.C. Code Section.

109. Paragraph 109 of the Complaint purports to state legal conclusions which do not require a response. To the extent a response is required, Defendant denies that the Code Section referenced in Paragraph 108 imposes the requirements set forth in Paragraph 109; Defendant is otherwise without sufficient information to admit or deny the allegations set forth in Paragraph 109.

110. Defendant denies the allegations in Paragraph 110 of the Complaint.

## COUNT V – VIOLATION OF DISTRICT OF COLUMBIA CONSUMER PROTECTION AND PROCEDURES ACT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant is moving to dismiss Count V of the Complaint, comprised of Paragraphs 111-117, for failure to state a claim upon which relief may be granted. Thus, no response is required herein to Count V and Paragraphs 111-117. To the extent a response is required, Defendant states as follows:

111. Paragraph 111 of the Complaint merely incorporates prior paragraphs of the Complaint and thus does not require a response. To the extent a response is required, Defendant incorporates the responses set forth in paragraphs 1 through 110, inclusive, above.

112. Paragraph 112 of the Complaint purports to state legal conclusions which do not

require a response. To the extent a response is required, Defendant denies the allegations of Paragraph 112.

113. Paragraph 113 of the Complaint purports to state legal conclusions which do not require a response. To the extent a response is required, Defendant denies the allegations of Paragraph 113.

114. Paragraph 114 of the Complaint purports to state legal conclusions which do not require a response. To the extent a response is required, Defendant denies the allegations of Paragraph 114.

115. Defendant denies the allegations in Paragraph 115 of the Complaint.

116. Defendant denies the allegations in Paragraph 116 of the Complaint.

117. Defendant denies the allegations in Paragraph 117 of the Complaint.

**COUNT VI – TORTIOUS INTERFERENCE WITH NGCHA'S CONTRACTUAL RELATIONS WITH ITS SUBLEASING MEMBERS**

118. Paragraph 118 of the Complaint merely incorporates prior paragraphs of the Complaint and thus does not require a response. To the extent a response is required, Defendant incorporates the responses set forth in paragraphs 1 through 117, inclusive, above.

119. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 119 of the Complaint because the phrase "the agreements in place" is vague and ambiguous.

120. Defendant denies the allegations in Paragraph 120 of the Complaint.

121. Defendant denies the allegations in Paragraph 121 of the Complaint.

122. Defendant denies the allegations in Paragraph 122 of the Complaint.

**COUNT VII -- TORTIOUS INTERFERENCE WITH NGCHA'S CONTRACTUAL RELATIONS WITH EJF**

123. Paragraph 123 of the Complaint merely incorporates prior paragraphs of the Complaint and thus does not require a response. To the extent a response is required, Defendant incorporates the responses set forth in paragraphs 1 through 122, inclusive, above.

124. Defendant admits that Plaintiff has engaged EJF as its property manager and is otherwise without sufficient information to admit or deny the allegations in Paragraph 124 of the Complaint.

125. Defendant denies the allegations in Paragraph 125 of the Complaint.

126. Defendant denies the allegations in Paragraph 126 of the Complaint.

127. Defendant denies the allegations in Paragraph 127 of the Complaint.

128. Defendant denies the allegations in Paragraph 128 of the Complaint.

129. Defendant denies the allegations in Paragraph 129 of the Complaint.

130. Plaintiff follows Paragraph 129 of the Complaint with a "Prayer for Relief" that does not require a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

**ADDITIONAL AND AFFIRMATIVE DEFENSES**

131. Defendants set forth the following defenses without assuming the burden of proof as to any issue as to which Plaintiffs bear the burden of proof under applicable law.

132. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

133. None of the allegations of the Complaint shall be deemed admitted unless specifically admitted in this answer.

134. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

135. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

136. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

137. Plaintiff's claims are barred in whole or in part by the doctrine of assumption of risk.

138. Plaintiff's claims are barred in whole or in part by the doctrine of contributory negligence.

139. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

140. Plaintiff's claims are barred in whole or in part by the doctrine of release.

141. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

142. Plaintiff's claims are barred in whole or in part by the parole evidence rule.

143. Plaintiff's claims are barred in whole or in part by setoff and/or recoupment. *See also* Counterclaim herein below, incorporated by reference.

144. Plaintiff's claims are barred in whole or in part by ratification.

145. Plaintiff's claims are barred in whole or in part by consent.

146. Plaintiff's claims are barred in whole or in part by impossibility, illegality, and/or impracticality.

147. Plaintiff's claims are barred in whole or in part by material breach of contract, and/or unenforceability of contract.

148. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages and contributory negligence.

149. Plaintiff's claims are barred in whole or in part by lack of mutual assent, lack or failure of consideration, failure of conditions precedent, and/or accord and satisfaction.

150. Plaintiff's claims are barred in whole or in part by fraud and/or misrepresentation.

151. Plaintiff has failed to join one or more necessary parties. Defendant denies any and all liability to Plaintiff; but to the extent of any liability, Defendant is entitled to contributions and/or indemnification from one or more parties not joined by Plaintiff.

152. Plaintiff's claims are barred in whole or in part by the equitable maxim that one who seeks equity must do equity.

## RESERVATION OF RIGHTS

153. Defendant expressly reserves the right to amend and/or supplement this Answer and the Affirmative Defenses. Defendant reserves the right to raise any additional defenses or counterclaims not asserted herein that may be revealed during the course of discovery or other investigation, or that otherwise are found applicable to it.

WHEREFORE, Defendant respectfully requests judgment in its favor against Plaintiff, dismissal of Plaintiff's Complaint with prejudice, plus payment from Plaintiff to Defendant of Defendant's incurred interest, costs and attorneys' fees pursuant to Sections XXVI and XXVII of the Agreement.

## COUNTERCLAIM OF JEFFREY CHARLES & ASSOCIATES, INC.

Defendant/Counter-Plaintiff Jeffrey Charles & Associates, Inc., pursuant to Rule 13 of the Federal Rules of Civil Procedure, files this Counterclaim against Plaintiff/Counter-Defendant Naylor Gardens Cooperative Homes Association, stating as follows:

154. In addition to denying any and all liability to Naylor Gardens, JCA is entitled to damages and recovery from Naylor Gardens for Naylor Gardens' breach of contract.

## PARTIES, JURISDICTION AND VENUE

155. Naylor Gardens is a non-profit housing cooperative association established pursuant to and under the District of Columbia Cooperative Association Act, Title 29, Chapter 11 of the Code of Laws of the District of Columbia with a registered office at 2725 30th Street, S.E., Washington, DC 20020.

156. JCA is a Virginia corporation and property management company authorized to conduct business in the District of Columbia, with a principal place of business of 6422 Grovedale Drive, Suite 201C, Alexandria, Virginia 22310.

157. This Court has subject matter jurisdiction over this action, specifically diversity jurisdiction, because it is a civil matter between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a). JCA removed this case to this Court from the Superior Court of the District of Columbia. 28 U.S.C. §1446(a).

158. Venue and personal jurisdiction are proper in this Court because Naylor Gardens is located in the District of Columbia, and a substantial part of the events and omissions giving rise to this Counterclaim took place in the District of Columbia. 28 U.S.C. § 1391(b). The Superior Court of the District of Columbia, where Naylor Gardens initially filed this action before it was removed, is within the district of this Court. 28 U.S.C. § 88.

## BACKGROUND

159. On or about June 1, 2023, Naylor Gardens and JCA entered into an agreement for JCA to be the property management company for Naylor Gardens (the "Agreement").

160. A true and accurate copy of the Agreement is attached hereto as **Exhibit 1**.

161. The Agreement contains a "Hold Harmless" provision, stating in part:

> The Owner shall indemnify the Agent against all costs, expenses, attorney's fees, suits, and damages of any nature whatsoever from or in connection with its handling of the property or the performance or exercise of any of the duties or powers of the Agent hereunder, unless due to the negligence or willful misconduct of the Agent. The Owner agrees to save the Agent harmless from all fines, judgements, claims, demands, and actions of any kind, and from liability for injuries or death suffered by any employee or contractor engaged by the Agent for the benefit of the Owner, and as well, from any and all liability for injury or death to any person whomsoever, provided, however, the preceding clause shall not apply in cases of the Agent's negligence or willful misconduct.

Agreement § XXVII.

162. JCA was named as a defendant/respondent in at least two legal proceedings because of its position as management agent of Naylor Gardens (the "Proceedings"):

a. *Barnes v. Naylor Gardens Cooperative Housing Association and Jeffrey Charles & Associates, Inc.*, Case No. 2025-CAB-003623, in the Superior Court of the District of Columbia; and,

b. *In Re: Jeffrey Charles & Associates, Inc.*, United States Department of Labor, Occupational Safety and Health Administration Inspection No. 1715673.

163. Neither of the Proceedings involved negligence or gross misconduct by JCA.

164. Pursuant to Section XXVII of the Agreement, JCA demanded in writing that Naylor Gardens defend and indemnify JCA in both Proceedings.

165. In material breach of the Agreement, including but not necessarily limited to Section XXVII thereof, Naylor Gardens failed and refused to defend and indemnify JCA with respect to both Proceedings.

166. Naylor Gardens' failure to defend and indemnify and otherwise meet its contractual obligations under Section XXVII with respect to the Proceedings has caused damage to JCA, including but not limited to costs, expenses, attorneys' fees, as well as damages associated with making claims for the Proceedings on JCA's own insurance.

167. The Agreement states in part:

> In the event the balance in the Owner's Operating Account is at any time insufficient to pay disbursements due and payable under Paragraph 14(a) above, the Agent will promptly inform the Owner of that fact and the Owner will then remit to the Agent sufficient funds to cover the deficiency.

Agreement § XI(b).

168. In further breach of the Agreement, Naylor Gardens failed to replenish the Operating Account after being informed by JCA that it contained insufficient funds to pay disbursements that were due and payable. By way of example and without limitation, when JCA first began managing Naylor Gardens, JCA informed Naylor Gardens that the payables exceeded the funds in the Operating Account by over $1,000,000. Among the overdue payables was an approximately $70,000 balance owed to Naylor Gardens' legal counsel, a payable to the District of Columbia Water Authority for approximately $800,000, a payable to Washington Gas for over $400,000, and a payable to PEPCO for over $300,000, and payables to the trash contractor for over $100,000, and payables to other vendors for at least $500,000.

169. JCA repeatedly informed Naylor Gardens that funds in the Operating Account were insufficient to cover bills that were due and payable.

170. Multiple times per month, one or more vendors or utilities contacted JCA to say Naylor Gardens was severely delinquent in payments due and/or threaten discontinuance of services without immediate payment. JCA promptly, and often repeatedly, conveyed these communications to the Naylor Gardens' Board of Directors.

171. Naylor Gardens' failure to sufficiently fund its Operating Account resulted in whole or in part from the Naylor Gardens' Board of Directors' actions or omissions, including but not necessarily limited to: the Board' refusal to transfer sufficient funds from its reserves;

the Board's refusal to increase members' carrying charges sufficiently for many years before, during and after JCA's management tenure despite advice to do so; and the Board's general financial decision-making.

172. Naylor Gardens' financial situation in 2023 required laying off on-site employees, as ordered by the Naylor Gardens Board.

173. When JCA began managing Naylor Gardens, there also were numerous outstanding building and other code violations at Naylor Gardens, many of which required extensive repairs and expenditures.

174. Further, Naylor Gardens and its prior management company, Vision Realty, failed and refused to provide access to the onsite software used in managing the property. This software contained information that included but was not necessarily limited to Cooperative member and unit ownership information, tenant information, rent amounts, rent histories, unit statuses, vacancies, maintenance/vendors information and histories, security deposits, accounts payable, receivables, *etc.*

175. As a result of the foregoing, and because Naylor Gardens' books, records and general operations were in such disarray, when JCA began managing Naylor Gardens, two additional full-time employees were required for three months to provide additional bookkeeping, clerical and managerial duties for three months, costing JCA at least Fifty-five Thousand Dollars ($55,000), and one additional employee was hired, costing JCA at least Seventy-eight Thousand Dollard ($78,000). Per the Agreement, these additional employees were to be paid by Naylor Gardens (Agreement §§ X, X(d)), but Naylor Gardens failed and refused to pay them, causing further damage to JCA.

176. The Agreement states in part: "In the event of a material default by either the Owner or the Agent under this Agreement, the Agreement is terminated as of the date the termination notice is received." Agreement § XXV(b).

177. As a result of Naylor Gardens' material breaches of the Agreement aforesaid, on or about June 27, 2024, JCA sent a notice of termination of the Agreement.

178. Although JCA could have ceased its management activities on or about June 27, 2024 under Section XXV(b) of the Agreement, JCA agreed to continue its management duties until September 30, 2024.

179. Absent Naylor Gardens' material breaches of the Agreement aforesaid, the Agreement would have remained in effect, under the then current term, until May 31, 2026.

180. As result of the early termination of the Agreement for cause resulting from Naylor Gardens' breaches, JCA has been, and will continue to be, deprived of the revenue it would have earned under the Agreement from October 1, 2024, through May 31, 2026.

181. With respect to JCA's monthly compensation to be paid by Naylor Gardens under the Agreement, the Agreement states in part:

> The Agent will be compensated for its services under this Agreement by monthly fees, to be paid out of the Project Operating Account and treated as Project expenses. Such fees will be payable on the first (1st) day of each month, in advance, for the term of this Agreement or any renewal term thereof. Each such monthly fee will be in an amount equal to 3.5% of gross receipts of previous month, per month as of same date of this Agreement, which shall include any subleasing fee paid by members.

Agreement § XXIV.

182. Upon information and belief, JCA's monthly compensation under the Agreement for the months of October 2024 through May 2026 would have totaled at least Five Hundred Thousand Dollars ($500,000).

183. JCA is entitled to compensatory damages from Naylor Gardens for the revenue it would have received under the Agreement from the monthly payments described in Section XXIV, for the months of October 2024 through and including May 2026, less any expenses; upon information and belief such damages would have totaled at least Two Hundred Forty Thousand Dollars ($240,000).

184. Naylor Gardens has failed and refused, and continues to fail and refuse, to pay JCA's monthly compensation detailed in Section XXIV of the Agreement, for the months of October 2024 through and including May 2026.

185. Naylor Gardens' breaches of the Agreement further damaged JCA because JCA was required to lay off two full-time employees that were assigned to Naylor Gardens. *See* Agreement § X. In turn, JCA was required to pay $43,000 in severance to these two employees, and JCA's unemployment insurance premiums increased.

186. Section XXVI of the Agreement requires Naylor Gardens to pay JCA's costs of collection, attorneys' fees and interest at six percent (6%) per annum for the sums Naylor Gardens has failed and refused, and continues to fail and refuse, to pay to JCA.

**<u>COUNTERCLAIM COUNT I: BREACH OF CONTRACT</u>**

187. JCA hereby incorporates all foregoing paragraphs as if fully set forth herein.

188. The Agreement is a valid and binding contract between Naylor Gardens and JCA.

189. Naylor Gardens breached its obligations to JCA under the Agreement by its actions and omissions aforesaid, including but not necessarily limited to: a) Naylor Gardens failure to defend and indemnify JCA for the Proceedings and otherwise meet its obligations to JCA with respect to the Proceedings under Section XXVII; b) Naylor Gardens' failure to adequately fund its Operating Account as required by Section XI; and c) Naylor Gardens'

failure and refusal to pay JCA's monthly compensation under Section XXIV of the Agreement for the months of October 2024 through and including May 2026.

190. JCA has been damaged by Naylor Gardens' breaches of the Agreement, in at least the amount of $475,000.

WHEREFORE, JCA respectfully requests that this Court enter judgment in JCA's favor against Naylor Gardens in at least the amount of Four Hundred Seventy-Five Thousand Dollars ($475,000.00), plus interest, costs and attorneys' fees pursuant to Sections XXVI and XXVII of the Agreement.

**JURY DEMAND**

Defendant/Counter-Plaintiff Jeffrey Charles & Associates, Inc. hereby demands a jury trial on all issues so triable.

/s/ Jeffrey S. Danzig
Jeffrey S. Danzig, Esquire
LAW OFFICE OF JEFFREY S. DANZIG, PLLC
DC Bar Number 461541

Respectfully submitted,

JEFFREY CHARLES & ASSOCIATES, INC.
By Counsel:

/s/ Jeffrey S. Danzig
Jeffrey S. Danzig, Esquire
LAW OFFICE OF JEFFREY S. DANZIG, PLLC
111 Park Place
Falls Church, VA 22046
jdanzig@danziglaw.com
(703) 241-4918 – Telephone
(815) 301-9561 – Facsimile
DC Bar Number 461541
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of February 2026, a true and accurate copy of the foregoing was served electronically via the Court's CM/ECF system on all counsel of record.

/s/ Jeffrey S. Danzig
Jeffrey S. Danzig, Esquire
LAW OFFICE OF JEFFREY S. DANZIG, PLLC
DC Bar Number 461541