**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NAYLOR GARDENS COOPERATIVE HOUSING ASSOCIATION,<br>*Plaintiff*,<br>v.<br>JEFFREY CHARLES & ASSOCIATES, INC.,<br>*Defendant*. | Civil Action No. 1:26-CV-00244-SLS |

**PLAINTIFF'S ANSWER TO COUNTERCLAIM**

COMES NOW Plaintiff/Counter-Defendant Naylor Gardens Cooperative Housing Association ("Plaintiff" or the "Association"), by and through counsel, pursuant to Federal Rule of Civil Procedure 12, hereby files this Answer and grounds of defense to the Counterclaim filed by Defendant Jeffrey Charles & Associates, Inc. ("JCA"). In support thereof, Plaintiff states as follows:

154. Denied.

**PARTIES, JURISDICTION AND VENUE**

155. Admitted.

156. Admitted.

157. Paragraph 157 contains a statement of jurisdiction to which no specific response is required from Plaintiff. To the extent a response is required, Plaintiff denies the allegations of Paragraph 157 and demands strict proof thereof.

158. Paragraph 158 contains a statement of venue and jurisdiction to which no specific response is required from Plaintiff. To the extent a response is required, Plaintiff denies the allegations of Paragraph 158 and demands strict proof thereof.

**BACKGROUND**

159. Admitted that Plaintiff and JCA entered into a Management Agreement on or about June 1, 2023 in which JCA was appointed the exclusive agent for the management of the property described therein.

160. Admitted that the referenced Agreement, without the associated attachments, is attached to the Counterclaim.

161. The referenced Agreement speaks for itself and is the best evidence of its contents; Plaintiff denies each and every allegation at variance with the same.

162. Admitted that, on information and belief, JCA was named as a defendant/respondent in the two referenced legal proceedings. Plaintiff is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 162, therefore, the same are denied.

163. Denied.

164. Plaintiff is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164; therefore, the same are denied.

165. Denied.

166. Denied.

167. The referenced Agreement speaks for itself and is the best evidence of its contents; Plaintiff denies each and every allegation at variance with the same.

168. Admitted that by or about September 2023, JCA had informed Plaintiff that accounts payable exceeded $1,000,000 and that utility payments were being reconciled. Plaintiff is without information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 168; therefore, the same are denied.

169. Plaintiff is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169; therefore, the same are denied.

170. Plaintiff is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170; therefore, the same are denied.

171. Denied.

172. Plaintiff is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172; therefore, the same are denied.

173. Plaintiff is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173; therefore, the same are denied.

174. Plaintiff is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174; therefore, the same are denied.

175. Plaintiff is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175; therefore, the same are denied.

176. The referenced Agreement speaks for itself and is the best evidence of its contents; Plaintiff denies each and every allegation at variance with the same.

177. Admitted that on or about June 27, 2024, JCA sent a notice of termination of the Agreement. Plaintiff denies the remainder of the allegations in Paragraph 177.

178. Admitted that JCA continued its management duties until September 30, 2024. With regard to the remainder of the allegations in Paragraph 178, the referenced Agreement speaks for itself and is the best evidence of its contents; Plaintiff denies each and every allegation at variance with the same.

179. Admitted that the term under the Agreement was to end on May 31, 2026. Plaintiff denies the remainder of the allegations in Paragraph 179.

180. Denied.

181. The referenced Agreement speaks for itself and is the best evidence of its contents; Plaintiff denies each and every allegation at variance with the same.

182. Plaintiff is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182; therefore, the same are denied.

183. Denied.

184. Denied that such amounts are owed.

185. Denied that the alleged breaches occurred. Plaintiff is without information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 185; therefore, the same are denied.

186. Denied.

**COUNTERCLAIM COUNT I: BREACH OF CONTRACT**

187. Paragraph 187 incorporates prior paragraphs; no response is required from Plaintiff. To the extent any response is required, denied.

188. Paragraph 188 calls for a legal conclusion to which no response is required. To the extent any response is required, denied.

189. Denied.

190. Denied. The remaining allegations of Paragraph 190 set forth JCA's description of the relief it seeks in this action; therefore, no response is required from Plaintiff. To the extent any response is required, denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

JCA has failed to state any claim upon which relief can be granted.

### SECOND DEFENSE

JCA's claims are precluded, in whole or in part, by the doctrine of unclean hands.

### THIRD DEFENSE

JCA's claims are precluded, in whole or in part, by the doctrines of waiver and/or estoppel.

### FOURTH DEFENSE

JCA's claims are precluded, in whole or in part, as a result of its own conduct, and/or the conduct of its agents, representatives, or consultants.

### FIFTH DEFENSE

JCA's claims are precluded, in whole or in part, by the statute of frauds.

### SIXTH DEFENSE

JCA's claims are reduced or eliminated as the result of set-off sums due and owing to Plaintiff, and/or an offset in favor of Plaintiff.

### SEVENTH DEFENSE

JCA's claims are precluded, in whole or in part, by the doctrine of release.

**EIGHTH DEFENSE**

JCA's claims are precluded, in whole or in part, by the doctrine of laches.

**NINTH DEFENSE**

JCA's claims are precluded, in whole or in part, by assumption of risk.

**TENTH DEFENSE**

JCA's claims are precluded, in whole or in part, by its own breach of contract.

**ELEVENTH DEFENSE**

To the extent JCA's damages, if any, were caused or exacerbated by any act, or failure to act, on the part of JCA, any damages awarded to JCA should be reduced accordingly.

**TWELFTH DEFENSE**

JCA's claims are precluded, in whole or in part, by ratification or consent.

**THIRTEENTH DEFENSE**

JCA's claims are precluded, in whole or in part, by impossibility, illegality, impracticality, and/or frustration of purpose.

**FOURTEENTH DEFENSE**

JCA's claims are precluded, in whole or in part, by its own failure to mitigate damages.

**FIFTEENTH DEFENSE**

JCA's claims are precluded, in whole or in part, by fraud, misrepresentation, undue influence, duress, and/or mistake.

**SIXTEENTH DEFENSE**

JCA's claims are precluded, in whole or in part, by accord and satisfaction.

**SEVENTEENTH DEFENSE**

JCA's claims are precluded, in whole or in part, by failure of consideration, lack of mutual assent, and/or failure of condition precedent.

**EIGHTEENTH DEFENSE**

JCA's claims are precluded, in whole or in part, by res judicata.

**NINETEENTH DEFENSE**

Plaintiff intends to rely upon all other defenses as are developed through discovery and/or are provable at trial. Plaintiff further reserves the right to assert such other and further defenses as may become apparent or available during pretrial proceedings.

**TWENTIETH DEFENSE**

Any and all allegations contained in JCA's Counterclaim that are not specifically and expressly addressed in this Answer are denied.

Respectfully submitted,

*/s/ Caroline Y. Lee-Ghosal*
Selena A. Motley (Fed. Bar No. 241978)
Caroline Y. Lee-Ghosal (Fed. Bar No. 1697129)
Jackson & Campbell, P.C.
2300 N Street, NW, Suite 300
Washington, DC 20037
Telephone: (202) 457-1600
CLeeghosal@Jackscamp.com
SMotley@jackscamp.com
*Counsel for Plaintiff/Counter-Defendant Naylor Gardens Cooperative Housing Association*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of February, 2026, a true and accurate copy of the foregoing was served electronically via CM/ECF on all parties registered to receive such notice and/or by first-class email upon:

Jeffrey S. Danzig, Esquire
Law Office of Jeffrey S. Danzig, PLLC
111 Park Place
Falls Church, VA 22046
*Counsel for Defendant*

Vision Realty Management, LLC
11000 Broken Land Parkway, Suite 410
Columbia, MD 21044

*/s/ Caroline Y. Lee-Ghosal*
Caroline Y. Lee-Ghosal