**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NAYLOR GARDENS COOPERATIVE HOUSING ASSOCIATION,

*Plaintiff,*

v.

JEFFREY CHARLES & ASSOCIATES, INC.,

*Defendant.*

JEFFREY CHARLES & ASSOCIATES, INC.,

*Third-Party Plaintiff,*

v.

VISION REALTY MANAGEMENT, LLC

*Third-Party Defendant.*

Civil Action No. 1:26-CV-00244-SLS

**JOINT LOCAL RULE 16.3 REPORT**

Pursuant to Fed. R. Civ. P.26(f)(1) and Local Rule 16.3, Plaintiff Naylor Gardens Cooperative Housing Association ("Plaintiff" or the Association"),Defendant / Third-Party Plaintiff Jeffrey Chales & Associates ("Defendant" or "JCA"), and Third-Party Defendant Vision Realty Management, LLC, a/k/a Vision Realty Management ("Third-Party Defendant" or "Vision") (collectively the "Parties") respectfully submit this joint report outlining the Parties' discovery plan, agreements reached between the Parties,

matters upon which the Parties disagree, and proposed scheduling order.

## I. STATEMENT OF THE CASE AND LEGAL BASIS

The Association filed this action seeking monetary damages for JCA's alleged breaches of the Property Management Agreement (the "Agreement"), including, among other things, JCA's alleged mismanagement of the Association's books, records, and funds, and its alleged negligent performance under the Agreement. The Association asserts claims for breach of contract, breach of fiduciary duty (D.C. Code § 47-2853.195), negligence, accounting, violations of the D.C. Consumer Protection Procedures Act (D.C. Code § 28-3901, *et seq*.), and tortious interference with contractual relations.

JCA filed a counterclaim against the Association for breach of contract under the Agreement for the Association's alleged failures to indemnify JCA, to fund the Association's own accounts and otherwise in causing the premature termination of the Agreement. JCA also filed a third-party complaint against alleging that Vision is liable for all or part of the Association's claims against JCA, including claims for contribution, indemnification, and tortious interference with contractual and business relations with the Association.

## II. PROPOSED DISCOVERY PLAN

The Parties agree to the Complex Cases discovery schedule in accordance with this Court's discovery guidelines. The Parties agree that initial disclosures pursuant to Rule 26(a)(l) of the Federal Rules of Civil Procedure shall occur no later than sixty (60) days after the Court enters a scheduling order. The Parties agree that the close of discovery shall occur 270 days after the Court enters a scheduling order. The Parties do not agree on the number of depositions at this time. Plaintiff and Third-Party Defendant propose that that there should be ten (10) depositions, subject to amendment by agreement of the Parties or by leave of Court. Defendant proposes there should be no limit on the number of depositions[2] per party. The parties agree that there should be forty (40) interrogatories per party, including subparts. The Parties agree that responses to interrogatories, requests for documents, and requests for admissions should be served no later than thirty (30) days after receipt, subject to reasonable extensions agreed upon by the Parties.

## III. LOCAL RULE 16.3 MATTERS

The Parties hereby report on the Local Rule 16.3(c) matters as follows:

---

[2] Defendant's rationale is based on the following: Plaintiff has several members on its current and prior Board of Directors who may have discoverable information as directors, as well as in their capacity as members, which alone likely exceed ten individuals. In addition, Plaintiff's real property consists of 796 dwelling units per Plaintiff's Complaint, and Plaintiff contends that there were issues with an untold number of units and possibly hundreds of them; such issues alleged by Plaintiff include but are not necessarily limited to maintenance and repair, interference with unspecified numbers of subleased units, accounting disputes, transfer of management services to the subsequent provider, as well as JCA's actions regarding dozens of vacancies. Ultimately, Plaintiff's claims involve discoverable information from multiple members of Plaintiff's housing Cooperative.

**(1) Resolution Through Dispositive Motions**

The Parties disagree that certain issues may be resolved on a motion pursuant to Rule 12. On February 4, 2026, Defendant filed a Rule 12(b)(6) motion against the Association seeking to dismiss Count V of the Complaint. On February 18, 2026, the Association filed its Opposition. The Parties recommend that discovery, or other matters, should not await a decision on the motion.

**(2) Joinder Or Amending Of Pleadings**

The Parties propose that the deadline for joinder and amendments should be ninety (90) days after the Court enters its scheduling order. The Parties do not believe that some or all of the factual and legal issues can be agreed upon or narrowed prior to at least some discovery.

**(3) Magistrate Judge Assignment**

The Parties agreed to assign the case to aMagistrate Judge.

judge.

**(4) Settlement**

The Parties agree that there is a realistic possibility of settling the case.

**(5) ADR**

The Parties agree that this case may benefit from alternative dispute resolution in the form of mediation. The Parties agree that ADR would be most appropriate after the exchange of some discovery and before the judicial resolution of key legal issues. The Parties do not believe that the Parties would benefit from a neutral evaluation of the case or that a stay of discovery is necessary pending the ADR process.

**(6) Summary Judgment Motions**

The Parties agree that certain claims may be subject to resolution by summary judgment and that any such motion is to be filed within 45 days of the close of discovery. The Parties agree that responses will be due fourteen (14) days following the dispositive motion , and that replies will be due seven (7) days after responses are filed. The Parties propose a decision on dispositive motions twenty one (21) days after the dispositive motions are fully briefed.

**(7) Initial Disclosures**

The Parties agree that the initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be submitted no later than sixty (60) days after the Court enters a scheduling order.

**(8) Discovery**

The Parties agree that discovery can be completed within the time frame set forth in the above-mentioned Proposed Discovery Plan.

**(9) ESI**

The Parties agree that they are unaware of any issues regarding electronically stored information. The Parties agree to produce all native files to the extent possible. The Parties reserve the right to raise any issues relating to ESI that subsequently arise.

**(10) Privileged Information**

The Parties do not anticipate any issues regarding privilege or protection as trial-preparation materials at this time, but reserve the right to bring a request for an order under FRE 502.

**(11) Experts**

The Parties do not request any modifications to Fed. R. Civ. P. 26(a)(2), except that Proponent's R. 26(a)(2) Statements shall be filed no more than 150 days after entry of the scheduling order and Opponent's R. 26(a)(2) Statements shall be filed no more than 180 days after entry of the scheduling order.

**(12) Class Action Procedures**

This case is not a class action.

**(13) Bifurcation of Trial and Discovery**

The Parties do not believe bifurcation or phased discovery is appropriate in this case.

**(14) Pretrial Conference**

The Parties propose that the Court schedule a pretrial conference, if necessary, to be held 60 days after the Court rules on any motions for summary judgment, and if none are filed, 60 days after the dispositive motions deadline. The Parties propose that the Court set a trial date at that conference.

**(15) Trial Date**

The Parties agree that a firm trial date should not be set at the first scheduling conference and that a trial date should be set at the as-of-yet undetermined pretrial conference.

**(16) Proposed Scheduling Order**

The Parties' Proposed Scheduling Order is attached as Exhibit A.

Respectfully Submitted,

*/s/ Caroline Y. Lee-Ghosal*
Caroline Y. Lee-Ghosal (Fed. Bar No. 1697129)
Selena A. Motley (Fed. Bar No. 241978)
Jackson & Campbell, P.C.
2300 N Street, NW, Suite 300
Washington, DC 20037
Telephone: (202) 457-1600
CLeeghosal@Jackscamp.com
SMotley@jackscamp.com
*Counsel for Plaintiff/Counter-Defendant Naylor Gardens Cooperative Housing Association*

*/s/ Jeffrey S. Danzig*
Jeffrey S. Danzig, Esquire
LAW OFFICE OF JEFFREY S. DANZIG, PLLC
DC Bar Number 461541
*Counsel for Defendant/Counter-Plaintiff Jeffrey Charles & Associates*

*/s/ Lloyd J. Jordan*
D.C. Bar No. 480203
Counsel for Vision Realty Management
Motley Waller LLP
300 New Jersey Avenue, NW
Washington, DC 20001
202-347-0179
lloyd.jordan@motleywaller.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 26th day of June, 2026, a true and accurate copy of the foregoing was served electronically via CM/ECF on all parties registered to receive such notice and/or by first-class email upon:

Jeffrey S. Danzig, Esquire
Law Office of Jeffrey S. Danzig, PLLC
111 Park Place
Falls Church, VA 22046
*Counsel for Defendant*

Lloyd J. Jordan, Esquire
*Counsel for Vision Realty Management*
Motley Waller LLP
300 New Jersey Avenue, NW
Washington, DC 20001
lloyd.jordan@motleywaller.com

*/s/ Caroline Y. Lee-Ghosal*
Caroline Y. Lee-Ghosal