**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NAYLOR GARDENS COOPERATIVE HOUSING ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY CHARLES & ASSOCIATES, INC., *et al.*<br><br>Defendants. | Case No. 26-cv-244-MJS |

**SCHEDULING ORDER**

Based on the Court's review of the parties' Local Civil Rule 16.3 report, and the Court's discussions with counsel during the Initial Conference on July 1, 2026, the Court issues the following Scheduling Order to govern this case moving forward.

## I. DEADLINES

It is hereby **ORDERED** that the parties shall adhere to the following deadlines:

| | |
|---|---|
| Deadline to Exchange Initial Disclosures: | August 31, 2026 |
| Deadline to Seek Leave to Amend the Pleadings or Join Additional Parties: | September 29, 2026 |
| Proponent's Rule 26(a)(2) Expert Disclosures: | January 15, 2027 |
| Opponent's Rule 26(a)(2) Expert Disclosures: | February 19, 2027 |
| Close of Discovery:[1] | March 29, 2027 |
| Post-Discovery Status Conference:[2] | April 2, 2027<br>10:30 AM in Courtroom 7 |

[1] This is **not** a deadline to serve discovery. Rather, all discovery should be served and noticed sufficiently in advance of this deadline so it can be timely completed on or before the close of discovery.

[2] At the post-discovery status conference, the Court will discuss dispositive motions and set a briefing schedule, as necessary, along with any other issues that the parties may wish to raise at that time.

These deadlines may only be extended by the Court based on a motion filed reasonably in advance of the existing deadline. The parties may not extend these deadlines by stipulation.

## II. DISCOVERY LIMITS

Based on the parties' agreement in their Local Civil Rule 16.3 report, the Court modifies the default discovery limitations under the Federal Rules of Civil Procedure as follows: absent mutual agreement of the parties or leave of court, the parties shall be limited to no more than ten fact-witness (10) depositions, unless otherwise agreed upon by the parties or with leave from the Court, and no more than forty (40) interrogatories per side addressed to each party.

## III. DISCOVERY DISPUTES

In the event of a discovery dispute, the following procedures shall apply. First, the parties must confer—meaningfully and in good faith—to attempt to resolve the dispute. This should generally include at least one substantive verbal discussion between counsel (not just an exchange of emails and letters). Second, if the parties are unable to resolve the dispute after those meet-and-confer efforts, they must **jointly** file a notice that includes: (i) a clear, concise description of the issue(s) in dispute; (ii) each party's position on the disputed issue(s); and (iii) the parties' joint availability across the next five business days for a discovery conference with the Court. The Court will then respond as soon as practicable to schedule a discovery conference. **Counsel shall not file any contested discovery-related motion without a prior conference with the Court and opposing counsel**.

**SO ORDERED.**

Dated: July 1, 2026

MATTHEW J. SHARBAUGH
United States Magistrate Judge